J-S51006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALPH D. JOHNSON | |
| Appellant | No. 1709 EDA 2015 |

Appeal from the Judgment of Sentence May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012567-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 20, 2016**

Appellant, Ralph D. Johnson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for criminal trespass, theft by unlawful taking, receiving stolen property, and conspiracy.[1]  We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> At the bench trial on March 4, 2015, Commonwealth witness Leslie Miller testified that she resides at or near 2100 Federal Street in Philadelphia.  On June 22, 2014[,] at approximately 5:00 [p.m.], she was sitting in her car at that location waiting for her [nephew] to come out of her home when she looked across the street towards a housing

_____

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(i), 3921(a), 3925(a)(1), 903(c), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

development in the midst of construction. It was then that she noticed a green truck and two guys at that site. She thought it was unusual because it was Sunday and there's usually no one there. One man was inside the fenced area taking lumber from the house and putting it into their truck. The other man was sitting inside the truck but eventually was standing adjacent to it, as the lumber was loaded. The gate was pulled apart so that the man could enter and leave through it. Ms. Miller said that the man went in and out of the house, carrying lumber, two or three times. After that they both got into the green truck and departed.

At the same time, Ms. Miller followed the vehicle and called the police telling them of the incident and relating descriptions of the truck, including the tag number and the description of the males. Ms. Miller's daughter was driving and she remained as a passenger in the car following the truck with the lumber and men to the area of 25th and Federal.

At approximately 5:00 [p.m.,] Police Officer Matthew Czarnecki, on that same date, received a radio call directing his attention to proceed to the area of 25th and Federal Streets regarding a possible theft in progress. Officer Czarnecki…testified that he encountered the green pickup truck with one of the men (Codefendant [Cantey]) buckling the wood to the vehicle and the other male [(Appellant)] walking away from the truck. The reported description matched those of [Appellant and Codefendant]. After physically going to the housing construction site, the officer saw the lumber which matched that on the green truck resulting in the arrest of the men.

The Commonwealth's last witness, Greg Karamitopoulos, testified that he is the head contractor on the site where the lumber was removed and that no one had permission to take materials from the site. He also stated that the lumber was the same items missing, calling it "Framing Materials." Mr. Karamitopoulos further reiterated that no one is permitted on that site and that his men do not work on Saturdays or Sundays.

(Trial Court Opinion, filed January 21, 2016, at 2-3) (internal citations to

record omitted).

On May 15, 2015, following a one-day bench trial, the court convicted Appellant of theft by unlawful taking, receiving stolen property, criminal trespass, and conspiracy. On that same day, the court sentenced Appellant to two (2) years' probation. Appellant filed a timely notice of appeal on June 9, 2015. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ADJUDICATION OF GUILTY AS TO CONSPIRACY (F3), CRIMINAL TRESPASS (F3), THEFT BY UNLAWFUL TAKING (M2) AND RECEIVING STOLEN PROPERTY (M2) [WAS SUPPORTED BY SUFFICIENT EVIDENCE].

(Appellant's Brief at 3).

Appellant argues the housing development at the construction site was "being built." Appellant contends the development was not an "occupied structure" within the meaning of the criminal trespass statute. Appellant asserts, "[T]here was no 'inchoate' crime to the conspiracy." (Appellant's Brief at 8). Appellant concludes the evidence was insufficient to sustain all of his convictions. We cannot agree.

Preliminarily, issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived for appellate review. *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). A Rule 1925(b) statement that is not specific

enough for the trial court to identify and address the issues Appellant wishes to raise on appeal may also result in waiver. ***Commonwealth v. Reeves***, 907 A.2d 1 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). To preserve a claim that the evidence was insufficient to sustain a conviction, an appellant must specify the allegedly unproven element or elements in his Rule 1925(b) statement. ***Commonwealth v. Williams***, 959 A.2d 1252 (Pa.Super. 2008). Nevertheless, the requested sufficiency review may be granted in a relatively straightforward case, where the evidentiary record is not overly burdensome, and the trial court readily apprehended the appellant's claim and thoroughly addressed it in its opinion. ***Commonwealth v. Laboy***, 594 Pa. 411, 936 A.2d 1058 (2007).

Further, "The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1287 (Pa.Super. 2014). ***See*** Pa.R.A.P. 2119(a)-(b). "Arguments not appropriately developed are waived." ***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa.Super. 2006), *appeal denied*, 596 Pa. 704, 940 A.2d 363 (2007).

Instantly, Appellant raised the following issue in his Rule 1925(b) statement: "Whether the weight of the evidence was enough to sustain a conviction pursuant to Rule 607. The evidence was not sufficient to sustain a conviction pursuant to Rule 606 and the weight of the evidence was not

enough to sustain a conviction pursuant to Rule 607." (Pa.R.A.P. 1925(b) statement, filed 7/2/15).[2] Appellant's Rule 1925(b) statement failed to set forth any allegedly unproven element pertaining to any of his four convictions. Therefore, Appellant's sufficiency challenge is waived for vagueness. *See Williams, supra*. Additionally, in Appellant's brief, he presents no argument regarding the theft and receiving stolen property convictions beyond a conclusory statement that those convictions were unsupported by sufficient evidence. Thus, Appellant's failure to develop his argument in his brief provides an additional basis for waiver with respect to the theft and receiving stolen property convictions. *See Love, supra.*

Moreover, the following principles of review apply to challenges to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

---

[2] Appellant abandoned on appeal his challenge to the weight of the evidence.

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Instantly, the Commonwealth produced the following evidence at trial. Leslie Miller testified that she observed Appellant and Codefendant at the construction site loading lumber onto a pickup truck. Ms. Miller immediately called the police and provided a description of Appellant, Codefendant, and the truck, including its license plate number. Ms. Miller also described the material taken and the location where Appellant and Codefendant went after leaving the construction site. The arresting officer, Matthew Czarnecki, found Appellant and Codefendant at the reported location minutes later. Officer Czarnecki positively identified Appellant, Codefendant, Appellant's truck, and the building material based on the information provided by Ms. Miller. Officer Czarnecki also confirmed that a portion of the fence surrounding the construction site was pulled open. The site displayed a sign that read, "Do Not Enter, Private Property." The head contractor of the construction project testified no one had permission to be on the site that day and the materials in the pickup truck matched those used at the site. Based on the foregoing, Appellant's sufficiency challenge would merit no

relief even if he had properly preserved it. ***See id.    See also***

***Commonwealth v. Hagan***, 539 Pa. 609, 654 A.2d 541 (1995) (holding

fenced and secured storage lot was "occupied structure" under criminal

trespass statute).  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2016